[780 NYS2d 917]

In the Matter of RICHARD M. WEINER, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 23, 2004

### APPEARANCES OF COUNSEL

*Robert P. Guido*, Syosset (*Nancy A. Bolger* of counsel), for petitioner.

*Edwin J. Mulhern*, Carle Place, for respondent.

### OPINION OF THE COURT

Per Curiam.

Richard M. Weiner has submitted an affidavit dated January 27, 2004, in which he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). The respondent acknowledges that the petitioner has adduced evidence of professional misconduct during its investigation, including failures to preserve escrow funds on behalf of three separate clients. He admits that he cannot successfully defend himself on the merits of any disciplinary charges which would be initiated by the petitioner based upon the facts and circumstances described.

The respondent avers that his resignation is freely and voluntarily tendered and that he has not been subjected to coercion or duress by anyone. He has discussed his decision to resign with his attorney, as well as with others whose advice and counsel he respects. He is fully aware of the implications of submitting his resignation, including being barred by Judiciary Law § 90 and the rules of the Appellate Division from seeking reinstatement as an attorney for at least seven years. He is aware that, pursuant to Judiciary Law § 90 (6-a) (a), the Court, in any order accepting his resignation, could require him to make monetary restitution to any persons whose money or property was misappropriated or misapplied or to reimburse the Lawyers' Fund for Client Protection for same. He acknowledges that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The petitioner urges acceptance of the respondent's resignation.

Inasmuch as the proffered resignation comports with all appropriate Court rules, it is accepted, and, effective immediately, Richard M. Weiner is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and FLORIO, JJ., concur.

Ordered that the resignation of the respondent, Richard M. Weiner, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Richard M. Weiner is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Richard M. Weiner, shall continue to comply with the rules of this Court governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Richard M. Weiner, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Richard M. Weiner, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).